**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Demetrius Alexander Brown, Appellant.

Appellate Case No. 2022-001360

———————

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-314
Submitted September 1, 2025 – Filed September 17, 2025
Withdrawn, Substituted, and Refiled October 29, 2025

———————

**AFFIRMED**

———————

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** Demetrius Alexander Brown appeals his convictions for murder, possession of a weapon during the commission of a violent crime, and the unlawful possession of a pistol and aggregate sentence of thirty years' imprisonment. On appeal, Brown argues the trial court erred by sustaining the State's objection to extrinsic evidence, on the basis of hearsay, that would have impeached the State's main witness, Anfernee Bradley. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by sustaining the State's objection to Bennie Haynesworth's proffered testimony because although Haynesworth had made a prior inconsistent video-recorded statement which may otherwise have been admissible under Rule 613(b) of the South Carolina Rules of Evidence, the content of the statement was inadmissible hearsay. Further, the video-recorded inconsistent statement was a statement made by Haynesworth; thus, the statement could not be admissible under Rule 613(b) as extrinsic evidence of a prior inconsistent statement of Bradley. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* (stating "[a]n abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law"); Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 802, SCRE (explaining "hearsay is not admissible except as provided by [the South Carolina Rules of Evidence] or by other rules prescribed by the Supreme Court of this State or by statute"); Rule 613(b), SCRE ("If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible."); Rule 801(d)(1)(A), SCRE ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is [] inconsistent with the declarant's testimony . . . ."); *cf.* Rule 803(5), SCRE (holding "[a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness'[s] memory and to reflect that knowledge correctly" is not excluded by the hearsay rule).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.